O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LYNN ALLEN,                           ) Case No. CV 09-1787-DTB
                                      )
                    Plaintiff,        )
                                      ) MEMORANDUM OPINION; AND
            vs.                       ) ORDER THEREON
                                      )
MICHAEL J. ASTRUE,                    )
Commissioner of Social Security,      )
                                      )
                    Defendant.        )

Plaintiff filed a complaint ("Complaint") on March 16, 2009, seeking review of the Commissioner's denial of her application for disability insurance and supplemental security income ("SSI") benefits. Now pending before the Court are the parties' respective cross-motions for summary judgment. This Memorandum Opinion shall constitute the Court's findings of fact and conclusions of law.

**DISPUTED ISSUES**

As reflected in the parties' cross-motions, the disputed issues here are as follows:

1.      Whether the Administrative Law Judge ("ALJ") properly determined at Step Two of the Commissioner's sequential evaluation process that plaintiff's depression was not a "severe" impairment.

1      2.      Whether the ALJ properly found the plaintiff's subjective complaints to

2  be not credible.

3

4                                        **DISCUSSION**

5  I.      Reversal is warranted based on the ALJ's finding of non-severity at Step Two

6          with regard to plaintiff's depression.

7          A psychiatric impairment may be found "not severe" at Step Two of the

8  Commissioner's sequential evaluation process only where the impairment "has no

9  more than a minimal effect" on the claimant's mental ability to perform basic work

10 activities.  If a finding of non-severity is not "clearly established by medical

11 evidence," adjudication must continue through the sequential evaluation process. See

12 Social Security Ruling[1] ("SSR") 85-28; SSR 96-3p; see also Yuckert v. Bowen, 841

13 F.2d 303, 306-07 (9th Cir. 1988); McDonald v. Secretary of Health & Human Svcs.,

14 795 F.2d 1118, 1124-25 (1st Cir. 1986).

15         Here, the medical evidence did not "clearly establish" a finding of non-severity.

16 In the Decision, the ALJ noted that, although Dr. Malone was a family practitioner,

17 he provided "some treatment" for the plaintiff's depression and anxiety.  Plaintiff was

18 first diagnosed with depression by Dr. Malone, her treating physician, in August,

19 2002. (See Administrative Record ("AR") 211.) Dr. Malone diagnosed plaintiff with

20 depression continuously for over four years, continuously treated her for such, and

21 noted the symptoms and diagnosis on nearly every single record of the plaintiff's

22 visits to him.  (See generally, AR 171-212.)  Such a history of diagnosis and treatment

23 consists of significantly more than "some treatment".

24         It is well established in this Circuit that a treating physician's opinion is entitled

25 to special weight, because a treating physician is employed to cure and has a greater

26

27        [1]     Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903

28 F.2d 1273, 1275 n.1 (9th Cir. 1990).

1  opportunity to know and observe the patient as an individual.  McAllister v. Sullivan,

2  888 F.2d 599, 602 (9th Cir. 1989).  "The treating physician's opinion is not, however,

3  necessarily conclusive as to either a physical condition or the ultimate issue of

4  disability."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).  The weight

5  given a treating physician's opinion depends on whether it is supported by sufficient

6  medical data and is consistent with other evidence in the record.  20 C.F.R. §§

7  404.1527(d), 416.927(d).  If the treating physician's opinion is uncontroverted by

8  another doctor, it may be rejected only for "clear and convincing" reasons.  Lester v.

9  Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th

10  Cir. 1991).  The Court finds that the ALJ did not cite "clear and convincing" reasons

11  in rejecting the opinions of the plaintiff's treating physicians, Dr. Malone and Dr.

12  Wolman, in light of the plaintiff's entire medical record.

13          Moreover, the fact that Dr. Malone was not a psychiatrist or mental health

14  specialist is not a basis for the ALJ to discount his diagnosis of plaintiff's depression,

15  or any of his treatment.  See Lester, 81 F.3d at 833 (rejecting argument that treating

16  physician's opinion as to the claimant's mental functioning could be rejected because

17  the treating physician was not a mental health specialist); Sprague v. Bowen, 812 F.2d

18  1226, 1232 (9th Cir. 1987).

19          The record reflects that after the plaintiff was diagnosed with depression in

20  2002, Dr. Malone prescribed medication during the entire time he treated her, through

21  2007.  Plaintiff was initially prescribed Zoloft by Dr. Malone, and he increased the

22  prescription from 25 mg to 50 mg twice daily in 2002 (AR 211), and again in August,

23  2003 (AR 199).  In March, 2004, the plaintiff was started on the anti-depressant

24  Effexor, at 75 mg per day. (AR 193).  Dr. Malone continued to prescribe Effexor to

25  plaintiff through at least February of 2006, and the plaintiff was prescribed another

26  anti-depressant, Amitriptyline, in July, 2006, which she was apparently still being

27  prescribed as late as January, 2007 (AR 166), which was after she had been evaluated

28  by the Commissioner's consulting psychiatrist, Dr. Aguilar.

1    While the record indicates that plaintiff's depression would fluctuate, and that

2    there was occasional improvement as noted by the ALJ, such fluctuations are not

3    supportive of the ALJ's conclusion that plaintiff's depression was not severe when

4    viewed in light of the entire record.

5    The ALJ concluded that plaintiff's depression and anxiety had "stabilized"

6    following treatment with Zoloft and Effexor, and that, as such, she gave "little weight"

7    to Dr. Malone's opinion that plaintiff was "markedly impaired". This conclusion is

8    not supported by the evidence contained in the record reflecting the plaintiff's long

9    treatment history for depression. Moreover, it appears that the ALJ considered only

10   portions of the record in finding that plaintiff's depression had "stabilized." For

11   example, in supporting her conclusion, the ALJ cited to a May, 2004 treatment note

12   from Dr. Wolman, plaintiff's psychiatrist at the Hollywood Mental Health Clinic, that

13   the Effexor seemed to be "working fine". (Decision at 3, citing to AR 100).

14   However, the ALJ failed to note in the Decision that Dr. Wolman also noted to "watch

15   for manic switch" in the same note (AR 100), and set plaintiff's next appointment for

16   July, 2004. Plaintiff was unable to continue treating with Dr. Wolman, however, due

17   to lack of insurance, a fact the ALJ failed to note.

18   Additionally, following extensive testing of plaintiff and evaluation by the

19   Hollywood Mental Health Clinic, on November 18, 2003, Dr. Wolman diagnosed

20   plaintiff as suffering from a major depressive disorder. (AR 106). While the Court

21   notes that the Commissioner argues that plaintiff's treatment with Dr. Wolman was

22   prior to the commencement of her disability in July, 2004, Dr. Wolman's records

23   clearly indicate that he sought to continue treating her for her diagnosed depression,

24   and would have continued treating her through at least July, 2004, but for the failure

25   of plaintiff's insurance to pay for such treatment. Thus, Dr. Wolman's treatment

26   coincided with the plaintiff's period of disability.

27   Dr. Wolman, as plaintiff's treating psychiatrist, assessed plaintiff as having a

28   Global Assessment of Functioning ("GAF") of 48 in November, 2003, a fact which

1 | the ALJ again failed to reference in her Decision.  A GAF of 41-50 signifies "serious
2 | symptoms. . .or serious difficulty in social, occupational or school functioning."  See
3 | American Psychiatric Association, Diagnostic and Statistical Manual of Mental
4 | Disorders, 32 (4th ed.).  There is no evidence that the ALJ took this into account in
5 | reaching her conclusion that plaintiff had "some history" of depression.

6 | Moreover, it is undisputed that the Commissioner's consulting psychiatrist, Dr.
7 | Aguilar, diagnosed plaintiff as having a "Depressive Disorder, NOS," and assessed
8 | a GAF of 63, which signifies "some mild symptoms. . .some difficulty in some social,
9 | occupational or school functioning"  (Id.), and concluded that her prognosis was
10 | "fair". (AR 126).  There is no evidence, however, that Dr. Aguilar reviewed any of the
11 | plaintiff's medical records in reaching her conclusions, and, in fact, her report contains
12 | errors on its face (such as referring to the plaintiff as a man). (See e.g. AR 124).

13 | In light of the above, the Court is unable to reconcile the ALJ's non-severity
14 | finding with the plaintiff's well-documented history of depression, her treatment for
15 | such, as well as the GAF assessments and opinions of her treating physicians.

16 |

17 | II.   Reversal is warranted based on the ALJ's alleged failure to make a proper
18 |       adverse credibility determination.

19 | In her decision, the ALJ found that the plaintiff's allegations of being unable
20 | to return to work "less than credible."  The ALJ cited three factors: Plaintiff's
21 | statement that she stopped working in "2003" because her company closed, rather than
22 | for medical reasons; the statements by the plaintiff and her daughter regarding the
23 | plaintiff's ability to engage in daily activities; and the absence of any "more
24 | aggressive forms of treatment such as epidural steroid injections or surgery." (AR 27-
25 | 28).

26 | Where the claimant has produced objective medical evidence of an impairment
27 | or impairments which could reasonably be expected to produce some degree of pain
28 | and/or other symptoms, and the record is devoid of any affirmative evidence of

1  malingering, the ALJ may reject the claimant's testimony regarding the severity of the

2  claimant's pain and/or other symptoms only if the ALJ makes specific findings stating

3  clear and convincing reasons for doing so.  See Smolen v. Chater, 80 F.3d 1273, 1281

4  (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v.

5  Sullivan, 947 F.2d 341, 343 (9th Cir. 1991); Cotton v. Bowen, 799 F.2d 1403, 1407

6  (9th Cir. 1986).

7        Here, as noted, the ALJ explicitly found that plaintiff suffered from medically

8  determinable impairments that could reasonably be expected to produce the symptoms

9  about which she testified.  Since the ALJ did not make an express finding of

10 malingering and the Commissioner has failed to cite any affirmative evidence of

11 malingering in the record, the issue before the Court is whether the reasons given by

12 the ALJ for her adverse credibility determination satisfy the standard set forth above.

13       The Court finds and concludes that the answer is no.  First, the evidence in the

14 record seems to clearly indicate that the plaintiff ceased working as a data entry clerk

15 in 2001 when the company with which she was employed went out of business.  (AR

16 57, 82, 113).  The plaintiff engaged in a training program subsequent to losing her job.

17 Thus, the ALJ's apparent reliance on the 2003 date is belied by the evidence in the

18 record.  Assuming the plaintiff lost her job in 2001 - three years before the onset of

19 her disability - this factor is less than clear or convincing.  Second, the ALJ failed to

20 specify which statements by plaintiff concerning her symptoms and functional

21 limitations were not credible and/or in what respect(s) plaintiff's statements were not

22 credible.  See Smolen, 80 F.3d at 1284 ("The ALJ must state specifically which

23 symptom testimony is not credible and what facts in the record lead to that

24 conclusion.").  Third, while an ALJ may properly rely on a claimant's unexplained or

25 inadequately explained failure to seek treatment (see Orn v. Astrue, 495 F.3d 625, 636

26 (9th Cir. 2007), citing Fair, 885 F.2d at 603), that is not the case here.  Plaintiff

27 continuously sought treatment for her pain and depression, and there is no evidence

28 in the record to indicate that either epidural steroid injections or surgery were ever

6

1  prescribed or even suggested to plaintiff, and that she failed to pursue such. Fourth,

2  the ALJ's conclusory assertion that the objective medical findings generally did not

3  substantiate the extent of plaintiff's allegations imposed a burden on plaintiff that she

4  did not have under the governing Ninth Circuit law. <u>See</u>, <u>e.g.</u>, <u>Gonzalez v. Sullivan</u>,

5  914 F.3d 1197, 1201 (9th Cir. 1990) ("The ALJ's opinion indicates that he probably

6  disbelieved the excess pain testimony because it was 'out of proportion to the medical

7  evidence'--an inadequate reason, since it is the very nature of excess pain to be out of

8  proportion to the medical evidence."); <u>Cotton</u>, 799 F.2d at 1407 ("Requiring full

9  objective confirmation of pain complaints before believing them 'would overlook the

10  fact that pain is a highly idiosyncratic phenomenon, varying according to the pain

11  threshold and stamina of the individual victim,' and it would trivialize the importance

12  that we have consistently ascribed to pain testimony, rendering it, in the final analysis,

13  almost superfluous.").

14

15                                    **ORDER**

16      Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY

17  ORDERED that Judgment be entered reversing the decision of the Commissioner of

18  Social Security and remanding this matter for further administrative proceedings.

19
   DATED: February 8, 2010
20

21

22                                    _____
                                      DAVID T. BRISTOW
23                                    UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28